UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

ORVILLE C. MASSEY JR.                                    30119                    2:13-CV-884

*(Enter above the full name of the plaintiff*             *(Inmate Reg. # of each Plaintiff)*
*or plaintiffs in this action).*

**VERSUS**                          CIVIL ACTION NO._____2:13-8842_____
                                    *(Number to be assigned by Court)*

DETECTIVE JOHN WRISTON, IN PERSONAL AND OFFICIAL CAPACITY

AND

FAYETTE COUNTY SHERIFF'S OFFICE, IN OFFICIAL CAPACITY

SHERIFF WILLIAM (BILL) LAIRD, IN PERSONAL AND OFFICIAL CAPACITY

*(Enter above the full name of the defendant*
*or defendants in this action)*

## COMPLAINT

I.  **Previous Lawsuits**

   A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

        Yes _____       No __XX__

1

B.  If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit:

   Plaintiffs: N/A

   Defendants: N/A

2. Court (if federal court, name the district; if state court, name the county);

   N/A

3. Docket Number: N/A

4. Name of judge to whom case was assigned:

   N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

   N/A

6. Approximate date of filing lawsuit: N/A

7. Approximate date of disposition: N/A

II. **Place of Present Confinement:** <u>Mount Olive Correctional Complex W.Va.</u>

    A. Is there a prisoner grievance procedure in this institution?

        Yes <u>XX</u>      No _____

    B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

        Yes _____     No <u>XX</u>   Does Not Apply

    C. If you answer is YES:

        1. What steps did you take? <u>N/A</u>

        2. What was the result? <u>N/A</u>

    D. If your answer is NO, explain why not: <u>Not a prison issue</u>

III. **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    A. Name of Plaintiff: <u>ORVILLE C. MASSEY JR.    30119</u>

       Address: <u>101 Paugh Hall, One Mountaiside Way, Mount Olive W.Va. 25185</u>

    B. Additional Plaintiff(s) and Address(es): <u>N/A</u>

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C.   Defendant: <u>DETECTIVE JOHN WRISTON,</u>

   is employed as: <u>DETECTIVE</u>

   at <u>FAYETTE COUNTY SHERIFF'S OFFICE, W.Va.</u>

D.   Additional defendants: <u>FAYETTE COUNTY SHERIFF'S OFFICE</u>

## IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

<u>See extended answer on pages 4a,b,c, and d, of the following pages..</u>

4

IV. STATEMENT OF CLAIM continued form page 4.

The Petitioner was subject of an unlawful wiretap, invasion of privacy, an unjustified intrusion and exploitation into his personal activities within the sanctity his own home, by Fayette County, West Virginia, Sheriff's Department, Detective John Wriston, when he surreptitiously used an electronic surveillance device to record matters occurring in the home of the Petitioner, without first obtaining a duly authorized Court Order for a wiretap. The actions of the Defendants deprived the Petitioner of his Liberty, Property, and the loss of his pursuit of happiness, in Violation of his Civil Rights as protected under the Constitution of the United States of America.

## FACTS IN SUPPORT OF CLAIM

The Petitioner Orville C. Massey, Jr., was subjected to an unlawful wiretap of his home telephone. This tortious act was perpetrated in Fayette County, West Virginia, by Fayette County Sheriff Deputy, John Wriston. The County Sheriff, in office at the time of the unlawful wiretap, is William (Bill) Laird  The tortious act took place in the year 2000.

A woman named Beverly Jo Gray, at the insistence and direction of Fayette County Sheriff's department Detective John Wriston, placed a telephone call to the Petitioner at his home. This telephone call was recorded by Detective Wriston, surreptitiously and without any notice to the Petitioner. Detective Wriston, recorded the telephone call by use of an unlawful wiretap..

Beverly Jo Grey, was acting under the direction of the Fayette County Sheriff's Office and was an agent for their department in this encounter. Miss Grey, is not a paid employee of the Sheriff's Office, but was acting as

an agent, and as such, her actions are subject to the requirements of both Statutory and Constitutional Law. It would have been improper for law enforcement authorities to contact Mr. Massey, who was under investigation for an alleged crime, without first informing him of his numerous Constitutional rights. The Defendant's, have usurped the Constitutional safeguards afforded to the Petitioner, by ignoring the Statutory Law and the Constitution of the United States. The Police are not authorized to do indirectly, what they are prohibited from doing directly, as in this matter.

The unlawfully intercepted telephone call was used against the Petitioner at a subsequent Trial. The Telephone conversation should have been excluded from trial as it was obtained in violation of West Virginia State Code 62-1(D)-1 et Seq... Although Beverly Grey, apparently gave some sort of consent to Deputy Wriston, to record the conversation, it is nonetheless inadmissible because it is in violation of State Statutory Law. Beverly Grey, was acting as an agent for the Sheriff's Department, in an attempt to circumvent the requirements of the Statute. By employing a private citizen to do what the Law Enforcement community cannot do lawfully themselves, is both improper and Illegal. West Virginia Code § 62-1-8, sets forth the procedure and the requirements for Law Enforcement to obtain a Circuit Court Order granting the right to record conversations. The Statute sets forth particular types of crimes for which a Court may Order Electronic interception of a private telephone communication. The alleged offense attributed to the Petitioner, was not of the type of offenses identified in the statute, which permits Court authorized wiretaps.

Based upon the fact that Beverly Grey, was acting in a Law Enforcement capacity, the same rules and requirements of the Law, apply to her conduct and as such, any statement or fruit there of, made to her in her capacity as

4-b

a Law Enforcement agent, is unlawful, inadmissible, and should not have been used against the Petitioner at trial.

A transcript of the unlawfully intercepted telephone conversation between Beverly Gray and Orville Massey Jr., (the Petitioner), which was surreptitiously recorded by Deputy John Wriston, provides in pages 1, and 2, the following;

> "**WRISTON**- Today's date is November the 1st of the year 2000. The time is 2:49p.m.. I'm Detective John Wriston, with the Fayette County Sheriff's Department. I'm currently at 350 Morris Drive, Montgomery, W.Va.. In the residence with me at this time is Beverly Jo Gray. At this time Miss Grey and I will be attempting to contact a Mr. Orville Cecil Massey, Jr., by phone. His phone number is 255-1182 at which point Miss Gray will speak with Mr. Massey, in reference to an alleged sexual abuse and sexual assault that occurred to her as a infant child within the household of Mr. Massey. Uh, this telephone conversation is going to be video, correction, is going to **be audio recorded**, and at this time Miss Grey, you understand that the phone conversation between yourself and Mr. Massey, is going to be recorded, is that correct?
> Gray- Yes Sir.
> Wriston- Do you have any objections to that?
> Gray- No Sir.
> Wriston- And do you understand what this conversation is going to be in reference to?
> Gray-Yes.
> Wriston- Okay, could you tell us?
> Gray- Uh, I hope to encourage him to speak about, uh, abusing me as a child and, uh, you know, maybe why he did it and, uh, perhaps an apology just something to get him to talk about it.
> Wriston- Okay. Also Miss Gray, have I promised you anything? Have I coerced you in any way? Have I threatened you in any way to make you, make this phone call and let me record it?
> Gray- No Sir, No.
> Wriston- So it would be safe to say that this, Uh, taped phone call that you are going to be making is of your own free will is that...
> Gray- Exactly. END OF GAGE ONE"
>
> Page 2, **WRISTON**- Okay, at this time, uh, we're going to pick the phone up and while Miss Gray, is making the phone call, I will be in an opposite room, uh, listening in on another phone. At this time we are going to be plugging the, uh, wire piece that is attached to the phone into the recorder, so you won't hear me."
> (**NOTE:** skipping to the last entree on page two as the other text is not relevant)
> "**WRISTON**- We're going to be plugging the ear peace in now. The recorder and I will be monitoring from a separate phone in the rear of the residence here."END OF PAGE TWO.

It is clear from the above exchange that Beverly Gray, was acting in concert with Deputy Wriston, and the Sheriff's Department, through its agents, and was engaging in an unlawful wiretap and invasion of privacy. Mr. Massey, Jr., was never informed that the phone was hard wired to a police tape recorder, or that Deputy Wriston, was also eavesdropping on another phone. Mr. Massey, Jr., as does all other U.S. Citizens, have an expected right to privacy when talking on his home phone. This unlawful wiretap, was a violation of his right to privacy and a violation of search and seizure, as well as a Miranda violation, violation of the right against Self Incrimination under the I, II, V, VI, and XIV, Amendments to the United States Constitution. Further in Violation of Section V, X, and XIV, of Article III, of the West Virginia Constitution.

The Fruits of this unlawful wiretap should have been prohibited from use by the State in furthering their investigation or supporting their evidence at trail. Mr. Massey, Jr., was questioned by Detectives about his phone conversation with Beverly Gray, at a time after the unlawful wiretap and tape recording of his conversation with Gray. This exchange between Mr. Massey, Jr., and Detectives, constitutes Fruits from the unlawful activity of the Sheriff's Department and Beverly Gray. Mr. Massey, Jr.'s, latter statements should have been prohibited from use at any subsequent trial, under the Fruits of the Poisonous Tree Doctrine. Mr. Massey, Jr.'s. latter statements were used against him at trial, even though they resulted from the unlawful, and injurious conduct of the Defendants, unlawful wiretaping of private communications occurring within the Petitioner's home.

The Petitioner, as direct result of the Defendants' unlawful actions, has lost his liberty, his tangible belongings and property, has suffered great, and terrible, physical and mental, anguish and personal suffering.

## IV. Statement of Claim (continued):

See extended answer on pages 4a,b,c,d, of proceeding pages..

## V. Relief

<u>State briefly exactly what you want the court to do for you.</u> Make no legal arguments. Cite no cases or statutes.

The Petitioner seeks to be made whole and to receive just compensation for for the years of long suffering he has had to endure. Specifically the Petitioner seeks to have his Liberty returned unto him, and that he be awarded just compensation for the loss of his personal property, and just compensation for the years of personal anguish and suffering, attributed to the unlawful actions of the Defendants, herein.

**V.    Relief (continued)):**

Completed on page 5..

**VII.   Counsel**

    A.    If someone other than a lawyer is assisting you in preparing this case, state the person's name:

        N/A

    B.    Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

        Yes _____    No xx

If so, state the name(s) and address(es) of each lawyer contacted:

        N/A

If not, state your reasons: desire to proceed pro se

    C.    Have you previously had a lawyer representing you in a civil action in this court?

        Yes _____    No xx

If so, state the lawyer's name and address:

_____N/A_____

_____

Signed this __15__ day of ___April___, 20_13_.


_____
Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __15 April 2013_____.
               (Date)

_____
Signature of Movant/Plaintiff


_____
Signature of Attorney
(if any)

7