IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ORVILLE C. MASSEY, JR.,**

    **Plaintiff,**

v.                                                                    Case No. 2:13-cv-08842

**DETECTIVE JOHN E. WRISTON,**
in personal and official capacity,
**FAYETTE COUNTY SHERIFF'S OFFICE,**
and **SHERIFF WILLIAM (BILL) LAIRD,**
in personal and official capacity,

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 24, 2013, the plaintiff, who is presently incarcerated at the Mount Olive Correctional Complex, filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

The plaintiff's Complaint alleges that, in the year 2000[1], during a criminal investigation by the Fayette County Sheriff's Department that ultimately resulted in the plaintiff being convicted of 205 counts of various sexual offenses, the defendants caused the alleged victim of the crime to engage in a surreptitious tape-recorded conversation with the plaintiff, which was subsequently used against him at trial. (ECF No. 2 at 3-

---

[1] According to documents from the plaintiff's federal habeas corpus proceeding, the alleged date of the recorded telephone conversation was November 1, 2000. (*See* Case No. 2:08-cv-00936, ECF No. 17-1 at 82-84.)

4b.) The plaintiff alleges that the defendants engaged in an illegal wiretap, with the alleged victim acting as an agent of the defendants. (*Id.* at 4b-4c.) The plaintiff's Complaint further asserts:

> This unlawful wiretap was a violation of [the plaintiff's] right to privacy and a violation of search and seizure, as well as a Miranda violation, violation of the right against Self-Incrimination under the I, II, V, VI, and XIV Amendments to the United States Constitution. Further in violation of Section V, X and XIV of Article III, of the West Virginia Constitution.
>
> The Fruits of the unlawful wiretap should have been prohibited from use by the State in furthering their investigation or supporting their evidence at [trial.] Mr. Massey, Jr. was questioned by Detectives about his phone conversation with Beverly Gray, at a time after the unlawful wiretap and tape recording of his conversation with Gray. This exchange between Mr. Massey, Jr. and Detectives, constitutes Fruits from the unlawful activity of the Sheriff's Department and Beverly Gray. Mr. Massey, Jr.'s latter statements should have been prohibited from use at any subsequent trial, under the Fruit of the Poisonous Tree Doctrine. Mr. Massey, Jr. latter statements were used against him at trial, even though they resulted from the unlawful, and injurious conduct of the Defendants, unlawful wiretapping of private communications occurring within the Petitioner's home.
>
> The Petitioner, as direct result of the Defendants' unlawful actions, has lost his liberty, his tangible belongings and property, has suffered great and terrible physical and mental anguish and personal suffering.

(*Id.* at 4.) The plaintiff seeks monetary damages and "to have his liberty returned unto him." (*Id.* at 5.)

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. This

screening is done prior to consideration of the Application to Proceed without Prepayment of Fees and Costs. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

Prior to his criminal trial, the plaintiff unsuccessfully moved to suppress the tape-recorded conversation between himself and Ms. Gray under the Fourth and Fifth Amendments. Those challenges were addressed and denied on the merits, and the evidence was used at trial. The plaintiff also unsuccessfully raised these same challenges on appeal and in state and federal habeas corpus proceedings. Accordingly, the plaintiff had a full and fair opportunity to address the present claims in prior proceedings and he is precluded from re-litigating these matters in an action for damages. *See Allen v. McCurry*, 449 U.S. 90 (1980); *Stone v. Powell,* 428 U.S. 465, 494 (1976).

Moreover, because the plaintiff cannot demonstrate that his conviction has been reversed, expunged, declared invalid, or otherwise called into question by the issuance of a writ of habeas corpus, he cannot recover damages for this allegedly unconstitutional conduct. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Nor can he seek release from custody in this proceeding, as habeas corpus is the exclusive remedy for a prisoner who challenges the constitutionality of his conviction and the fact of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).[2]

---

[2] Furthermore, although normally raised as an affirmative defense, it is readily apparent from the face of the Complaint that any actionable claims under section 1983 arising out of this conduct are barred by the applicable two-year statute of limitations. *See Blanck v. McKeen*, 707 F.2d 817 (4th Cir. 1983);

4

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief may be granted. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint (ECF No. 2) pursuant to 28 U.S.C. § 1915A, and **DENY** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), with the waiver of any filing fee.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

---

*McCausland v. Mason County Bd. of Educ.,* 649 F.2d 278 (4th Cir. 1981 (two-year personal injury statute of limitations is generally applicable to section 1983 cases in West Virginia.)

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

September 25, 2013

Dwane L. Tinsley
United States Magistrate Judge