**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ORVILLE C. MASSEY, JR.,

                Plaintiff,

v.                                 CIVIL ACTION NO.   2:13-cv-08842

DETECTIVE JOHN E. WRISTON, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and 42 U.S.C. § 1983 civil rights complaint, (ECF No. 2).   On April 25, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").   (ECF No. 4.) Magistrate Judge Tinsley filed his PF&R, (ECF No. 5), on September 25, 2013, recommending that this Court dismiss Plaintiff's Complaint under 28 U.S.C. § 1915A and deny his application to proceed without prepayment of fees and costs.   Plaintiff filed timely objections to the PF&R (the "Objections") on October 10, 2013.   (ECF No. 6.)

For the reasons discussed herein, the Court **OVERRULES** the Objections, (*id*.), **ADOPTS** the PF&R, (ECF No. 5), to the extent it is consistent with this Memorandum Opinion and Order, **DISMISSES WITH PREJUDICE** this case, and **DIRECTS** the Clerk to remove this action from the Court's docket.

1

# I.      Background

Plaintiff filed the instant § 1983 complaint (the "Complaint") on April 24, 2013, seeking damages on the basis of an allegedly unconstitutional wiretap that took place in 2000.   Named as defendants are (1) John Wriston, a detective with the Fayette County, West Virginia, Sherriff's Office ("Detective Wriston"), (2) William Laird, the Sherriff, and (3) the Fayette County Sherriff's Office in its official capacity.   Plaintiff alleges that his constitutional rights were violated when Detective Wriston "surreptitiously used an electronic surveillance device to record matters occurring in the home of the [plaintiff], without first obtaining a duly authorized Court Order for a wiretap."   (ECF No. 2 at 5.)   Plaintiff alleges that this "unlawfully intercepted telephone call" was used against him at a subsequent state trial, despite the fact that it should have been rendered inadmissible as the fruit of an unlawful search.   (*Id*. at 6.)   In addition, Plaintiff contends that the alleged illegal wiretap[1] led state law enforcement officials to question him, and that any statements made pursuant to that exchange "should have been prohibited from use at any subsequent trial, under the Fruits of the Poisonous Tree Doctrine."   (*Id*. at 8.)   Nonetheless, like the recorded telephone conversation, Defendant's subsequent statements to law enforcement officers were used to convict him at trial.

Although Plaintiff's Complaint does not indicate when his trial took place, filings from his prior litigation before this Court demonstrate that his judgment of conviction was entered in the Circuit Court of Fayette County, West Virginia, on January 23, 2002.   Petition for Writ of Habeas

---

[1] Plaintiff frequently refers to the police action involved in this case as an unlawful "wiretap."   It is worth noting, however, that his own recitation of the facts reveals that officers did not "tap" Plaintiff's phone or otherwise subject it to continuing surveillance.   Rather, as alleged in the Complaint, they monitored and recorded one of Plaintiff's telephone conversations with the consent of the other party to that conversation.

Corpus at 2, *Massey v. Ballard*, Civil Action No. 2:08-cv-00936 (S.D. W. Va. Sept. 8, 2009), ECF No. 2.[2]   Following a subsequent re-sentencing proceeding, Plaintiff was sentenced to his current term of incarceration on January 10, 2005.   *Id*.   Plaintiff argues that, as a direct result of Defendants' alleged illegal actions, he "lost his liberty, his tangible belongings and property, [and] suffered great, and terrible, physical and mental, anguish and personal suffering."   (ECF No. 2 at 8.)   As relief, Plaintiff seeks (1) "to have his Liberty returned unto him," (2) "just compensation" for the loss of personal property, and (3) "just compensation for the years of personal anguish and suffering" resulting from the defendants' illegal conduct.   (*Id*. at 9.)

Magistrate Judge Tinsley examined Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, which requires a district court to screen any prisoner complaint seeking redress from a governmental entity or its officers or employees.   Before ordering service of process on any of the named defendants, the Magistrate Judge issued his PF&R, recommending dismissal on the basis that the Complaint failed to state a claim upon which relief may be granted.   The PF&R offers three legal bases for dismissal.   First, that Plaintiff has already raised the arguments contained in the instant Complaint at trial, on direct appeal, and in state and federal habeas corpus proceedings, and accordingly is "precluded from re-litigating these matters in an action for damages."   (ECF No. 5 at 4.)   Second, that Plaintiff's claims seeking release from prison or damages resulting from his allegedly unconstitutional conviction and confinement are not cognizable under § 1983 pursuant to *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v.*

---

[2] Plaintiff filed his habeas corpus petition on July 22, 2008.   The Honorable Joseph R. Goodwin dismissed Plaintiff's petition by order entered September 8, 2009.   *Massey v. Ballard*, Civil Action No. 2:08-cv-00936 (S.D. W. Va. Sept. 8, 2009), ECF No. 23.   Plaintiff attempted to appeal, and the Fourth Circuit denied him a certificate of appealability and dismissed the appeal by order entered January 27, 2010.   *Id*., ECF No. 35.   That judgment took effect by formal mandate on March 16, 2010.   *Id*., ECF No. 39.

*Humphrey*, 512 U.S. 477 (1994).   And finally, to the extent Plaintiff does state any actionable §

1983 claims that are not otherwise precluded, such claims "are barred by the applicable two-year

statute of limitations."   (ECF No. 5 at 4.)

Plaintiff's Objections primarily challenge the PF&R's first legal conclusion: that Plaintiff's

current § 1983 claim is barred by his prior litigation of the claims asserted therein.   In particular,

Plaintiff objects to the Magistrate Judge's consideration of "extraneous matters outside of the

Complaint," namely Plaintiff's prior federal habeas corpus filings.   (ECF No. 6 at 3.)   Plaintiff

views such consideration as error, but argues that even if his prior litigation was considered, the

current defendants were not parties to that litigation and "[t]he prior courts did not decide anything

regarding the lawful or unlawful . . . conduct of the two Defendants herein."   (*Id*. at 5.)   Plaintiff

does not object to the PF&R's recommendation that his claims are not legally cognizable pursuant

to *Preiser* and *Heck*, but does emphasize the pleading standards applicable to pro se complaints

and argues that the Complaint contains sufficient factual material to state a claim.

Finally, Plaintiff objects to the PF&R's recommendation that his claims be dismissed as

time-barred, asserting that the limitations period "did not run against the claims of the action

because any statute of limitation was [tolled] by the Plaintiff's exhaustion of other remedies."

(ECF No. 6 at 6.)   According to Plaintiff, the limitations period is currently tolled and should

remain tolled "until the full effect of the Defendants' actions are realized or waived."   (*Id*.)

## II.   *Legal Standard*

### A.  Review of the PF&R

The Court is required to "make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."   28 U.S.C. §

636(b)(1).   However, this Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   In reviewing those portions of the PF&R to which objection is made, the Court will consider the fact that Plaintiff is acting pro se and accord his filings liberal construction.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B.  28 U.S.C. § 1915A Initial Screening

A district court is charged with responsibility to review, "before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."   28 U.S.C. § 1915A(a).   When performing this initial screening function, a court "must identify 'cognizable claims or dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted.'"   *McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009) (alteration in original) (quoting 28 U.S.C. § 1915A(b)(1)); *see also Brown v. Brock*, 632 F. App'x 744, 746 (4th Cir. 2015) ("[A] prisoner's complaint seeking redress from the Government that is frivolous, malicious, or fails to state a claim may be dismissed sua sponte.").

A complaint is frivolous where it "lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Even when a complaint is not frivolous, however, it is

5

subject to dismissal under § 1915A when it fails to state a claim upon which relief can be granted. In making this determination, courts employ the same standard that is used when reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   *See De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013) (applying the "same standards" in reviewing a district court's dismissal for failure to state a claim under § 1915A as those employed to review a Rule 12(b)(6) dismissal); *Richards v. Jones*, 31 F. Supp. 3d 630, 633 (D. Del. 2014) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions." (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999))).   Accordingly, "[d]ismissal is proper only if the plaintiff has failed to 'present factual allegations that state a claim to relief that is plausible on its face.'"   *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015) (quoting *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014)).

"Th[e] plausibility standard requires only that the complaint's factual allegations 'be enough to raise a right to relief above the speculative level.'"   *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Where, as here, a pro se complaint raises civil rights issues, liberal construction of the pleadings is "particularly appropriate."   *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Loe*, 582 F.2d at 1295).

### *III.    Discussion*

Plaintiff is a state prisoner seeking injunctive and monetary relief from a federal court on the basis of alleged constitutional violations perpetrated by state officials during the prosecution of his state criminal trial.   As such, his cause of action "lies at the intersection of the two most

6

fertile sources of federal-court prisoner litigation—[42 U.S.C. § 1983] and the federal habeas corpus statute, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 480 (1994).   The Supreme Court has harmonized the overlap between these statutes by funneling claims that seek traditional habeas relief—i.e., a judicial determination that a person's conviction or confinement is unlawful—exclusively through the habeas remedy.   When a § 1983 plaintiff challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   Moreover, claims that seek "to recover damages for allegedly unconstitutional conviction or imprisonment" are not cognizable under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 486, 489. These cases, taken together, demonstrate that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

On this basis, the PF&R concluded that Plaintiff is barred from seeking, via the present § 1983 action, to "have his Liberty returned unto him."   (ECF No. 2 at 5.)   Plaintiff does not object to this conclusion and the Court agrees with the Magistrate Judge that *Preiser* bars Plaintiff from seeking release from his current confinement.   The PF&R further concluded, again without objection, that Plaintiff cannot demonstrate that the conviction he now challenges has been invalidated in any of the ways enunciated in *Heck*.   Accordingly, to the extent Plaintiff seeks

7

damages that would "necessarily demonstrate[ ] the invalidity of [his] conviction," *Heck*, 512 U.S. at 481–82, he does not state a claim that is cognizable in § 1983.

It has also been recognized, however, that "civil claims based on unreasonable searches do not *necessarily* imply that the resulting criminal convictions were unlawful." *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) (citing *Heck*, 512 U.S. at 487 n.7). This is because a "valid conviction can still result after an improper search when doctrines such as independent source, inevitable discovery, or harmless error would alleviate the effect of the improper search." *Id*. Because *Heck* only "knock[s] out one element of damages, the injury from wrongful conviction, while the conviction stands," *Gonzales v. Entress*, 133 F.3d 551, 554 (7th Cir. 1998), the doctrine does not prevent a plaintiff from recovering damages based on the harm suffered from the illegal search itself, at least where doing so would not have the necessary effect of impugning a conviction resting on the fruits of that search. *See id*. (noting that where illegally obtained evidence is admitted based on a finding that the exclusionary rule does not apply, "the conviction is proper[,] but this does not mean that damages are unavailable for the invasion of privacy"); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182–83 (4th Cir. 1996) (explaining that "a § 1983 action that would *not* render a conviction or sentence invalid and that seeks to recover damages other than those resulting from conviction or sentence [is] cognizable" notwithstanding the fact the plaintiff's "conviction or sentence had not been reversed").

In this case, Plaintiff's claims appear to sound in the Fourth Amendment, to the extent he alleges that he was subjected to an illegal search in violation of his privacy expectation (in the form of telephone surveillance), and that subsequent statements made by him were the fruits of that illegal search. They could also be construed as sounding in the Fifth Amendment to the extent

he challenges the government's use of his own statements against him at trial.   Whatever the basis for Plaintiff's claims, his requested damages award clearly derives from the harm suffered as the result of his conviction rather than any underlying invasion of privacy occasioned by the recording of his telephone conversation.   (*See* ECF No. 2 at 5 (describing the defendants' actions as "depriv[ing] the [plaintiff] of his Liberty, Property, and the loss of his pursuit of happiness"); *id.* at 9 (seeking just compensation for "the years of long suffering he has had to endure").)   This request essentially seeks damages for Plaintiff's allegedly unconstitutional incarceration; awarding him compensation based on the time he has had to spend in prison would necessarily call into question the validity of Plaintiff's conviction and continued confinement.   As the case law makes clear, such a claim is not cognizable under § 1983 until Plaintiff can demonstrate the invalidity of that confinement through proof that either "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

Moreover, even if his claims could be construed to seek damages based on an illegal search that would not *necessarily* undermine his subsequent conviction (a reading that would require a heavy dose of liberal construction), such claims would clearly be time-barred.   In general, the argument that a complaint is barred by operation of a statute of limitations is an affirmative defense that is deemed waived unless raised by a defendant.   *See, e.g., Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).   The Fourth Circuit has recognized, however, that the screening authority imposed by federal law with respect to *in forma pauperis* and prisoner complaints "justifies an exception" to that general rule.   *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th

Cir. 2006).   Accordingly, when exercising its screening duty, "a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense."   *Id.* (citing *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953–54 (4th Cir. 1995)).   Moreover, while the screening authority does not "authorize the district court to engage in factfinding to resolve disputed facts," it does permit the court to "pierce the veil of the complaint's factual allegations," *Nasim*, 64 F.3d at 954 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)), and "apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts."   *Id.*; *see also Eaves v. Sholek*, Civil Action No. 13–409, 2013 WL 4927214, at *4 (W.D. Pa. Sept. 12, 2013) ("A United States District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint or from matters of which judicial notice may be had.").

In the context of ruling on Rule 12(b)(6) motions, pursuant to which courts employ the same standard as is applicable to initial screening, a court "may properly take judicial notice of matters of public record."   *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (noting that, as an exception to the normal rule that a court cannot consider documents outside of the complaint when ruling on a Rule 12(b)(6) motion, "a court may consider official public records . . . so long as the authenticity of these documents is not disputed").   "[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records."   *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citation omitted); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record." (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969))).

In this case, the Court will take judicial notice of Plaintiff's prior habeas filings before this Court to assess whether his claims, which on the face of the Complaint challenge conduct that occurred in 2000, are time-barred.

"No federal statute of limitations specifically applies to § 1983 actions; instead, the applicable time period must be borrowed from the analogous state statute of limitations." *Rakes v. Rush*, Civil Action No. 2:09–018, 2009 WL 2392097, at *4 (S.D. W. Va. Aug. 4, 2009) (citing *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991)). Concomitantly, "when a federal statute is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 616 (2013) (citing *Hardin v. Straub*, 490 U.S. 536, 539 (1989)). However, while "courts must look to the law of the *state* to identify the length of the statute of limitations and any relevant tolling rules, 'the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.'" *Johnson v. Garza*, 564 F. Supp. 2d 845, 849–50 (N.D. Ill. 2008) (emphasis in original) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

Federal law in this area utilizes a discovery rule pursuant to which "the cause of action under § 1983 accrues 'when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.'" *Smith v. McCarthy*, 349 F. App'x 851, 857 (4th Cir. 2009) (quoting *Nasim*, 64 F.3d at 955). In general, "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson Cty. Cmm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991); *see also Gonzalez*, 133 F.3d at 553 (collecting cases for the proposition that "a claim asserting a violation of the fourth amendment necessarily 'accrues' at the time of the

11

unlawful search or seizure").   In this case, Plaintiff complains of a search that occurred in 2000, statements given shortly thereafter, and the use of the fruits of both at a trial in which a judgment of conviction was entered on January 23, 2002.   Thus, Plaintiff had as of that date a "complete and present cause of action" against the defendants named in this complaint.   *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 389 (4th Cir. 2014) (quoting *Wallace*, 549 U.S. at 388).   At that time, he was aware that a telephonic conversation to which he had been a party had been recorded and that evidence derived from that alleged privacy invasion had been used against him at trial.   At the very least he would have been aware of these facts by July 22, 2008, by which time all state court proceedings had concluded and he had filed a federal habeas corpus petition.

Thus, by operation of federal law, Plaintiff's current § 1983 cause of action accrued sometime during trial and certainly, under the most generous possible interpretation, by 2008.   As noted above, the statute of limitations for such actions is determined with reference to state law, and "[t]he analogous state statute of limitations most appropriate for § 1983 actions is the limitation period for personal injury actions."   *Bell ex rel. Bell v. Bd. of Educ.*, 290 F. Supp. 2d 701, 709 (S.D. W. Va. 2003) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)).   "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."   *Owens v. Okure*, 488 U.S. 235, 249–50 (1989).   West Virginia sets a two-year default statute of limitations for personal injury actions.   *See* W. Va. Code § 55–2–12(b) ("Every personal action for which no limitation is otherwise prescribed shall be brought . . . (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries . . . .").

12

Absent any justification for tolling that two-year limitations period, then, Plaintiff's current action would have long been time-barred by the time it was filed in April 2013. On this point, Plaintiff asserts that the limitations period should have been tolled "by the Plaintiff's exhaustion of other remedies." (ECF No. 6 at 6.) In general, exhaustion of remedies is not a pre-requisite to the type of police misconduct claim Plaintiff now brings. *See Heck v. Humphrey*, 512 U.S. 477, 480 (1994); *Patsy v. Bd. of Regents*, 457 U.S. 496, 501 (1982). Nonetheless, to the extent Plaintiff's objection seeks to toll the statute of limitations on equitable grounds, he faces an uphill battle. West Virginia has recognized that "statutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within some exception." *Humble Oil & Refining Co. v. Lane*, 165 S.E.2d 379, 383 (W. Va. 1969). Although West Virginia law provides for several statutory exceptions to statutes of limitations, *see generally Perdue v. Hess*, 484 S.E.2d 182, 186 n.7 (W. Va. 1997) (listing the statutory exceptions), none are implicated by the facts of this case and Plaintiff does not argue otherwise.

While the general rule is thus that "the enumeration by the Legislature of specific exceptions by implication excludes all others," *id*. at 186 (quoting Syl. Pt. 3, *Hoge v. Blair*, 141 S.E. 444 (W. Va. 1928), the Supreme Court of Appeals of West Virginia has nonetheless "recognized two types of equitable modification of a statute of limitations." *Rakes*, 2009 WL 2392097, at *5 (citing *Indep. Fire Co. No. 1 v. W. Va. Human Rights Comm'n*, 376 S.E.2d 612, 614 (W. Va. 1988)). The first is an equitable estoppel theory, pursuant to which a defendant will be estopped from relying on a statute of limitations defense where a plaintiff can show that "he was induced to refrain from bringing his action within the statutory period by some affirmative act or conduct of the defendant or his agent and that he relied upon such act or conduct to his

detriment."   Syl. Pt. 1, *Humble Oil & Refining Co. v. Lane*, 165 S.E.2d 379 (W. Va. 1969).   "In the absence of an affirmative act by [a defendant] which induces [a plaintiff] to refrain from timely bringing suit, [a plaintiff] cannot successfully make out a case for estoppel."   *Estate of Dearing ex rel. Dearing v. Dearing*, 646 F. Supp. 903, 907 (S.D. W. Va. 1986).   As Plaintiff has made no allegations that any defendant engaged in any affirmative act to bar his suit, equitable estoppel is not implicated by this case.

The other ground is equitable tolling, which "often focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant."   *Indep. Fire Co.*, 376 S.E.2d at 614 (quoting *Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir. 1981)).   Here, Defendants would be significantly prejudiced by having to defend against a suit challenging conduct that took place more than a decade prior.   Further, although there is scant West Virginia case law addressing the issue of equitable tolling, the doctrine "is part of the established backdrop of American law."   *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1232 (2014); *see also Indep. Fire Co.*, 376 S.E.2d at 614–15 (looking to the federal law to determine applicability of equitable modification doctrines to a West Virginia cause of action).   As applied by federal courts, "equitable tolling is a rare remedy available only where the plaintiff has exercise[d] due diligence in preserving [her] legal rights."   *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) (alterations in original) (citations omitted).   It can be invoked only "when 1) 'the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant,' or 2) 'extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.'"   *Id*. at 146 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Here, Plaintiff makes no assertions of such extraordinary circumstances and, as noted above, does not allege that any defendant has engaged in any wrongful conduct preventing him from bringing suit.   Even assuming that the limitations period was equitably tolled while Plaintiff pursued his various post-trial remedies, Plaintiff allowed more than three years to pass following the conclusion of his federal habeas corpus proceedings before filing this Complaint and provides no justification for that delay.   Insofar as he seeks tolling on the basis that he "continues to be affected by the illegal actions of the of the [Defendants]," (ECF No. 6 at 6), an illegal search is itself not a continuing tort.   *See, e.g.*, *Ricottilli v. Summersville Mem'l Hosp.*, 425 S.E.2d 629, 632 (W. Va. 1992) (noting that the "concept of a continuing tort requires a showing of repetitious, wrongful conduct").   Plaintiff does not allege any ongoing wrongful conduct, and the only allegedly "illegal action" that continues to affect him at this point is his continued incarceration. Although Plaintiff alleges that incarceration has caused, and continues to cause, "years of personal anguish and suffering," (ECF No. 2 at 9), a § 1983 suit, as discussed above, is simply not the means by which to remedy that type of harm absent a proper showing that his conviction or sentence has been invalidated.   In other words, Plaintiff has provided no valid basis upon which this Court could conclude that Plaintiff's delay in pursuing the present action has been in any way excusable. Accordingly, the Court finds that equitable tolling does not apply in this situation.

Thus, no matter how Plaintiff's claims are construed, he fails to state a claim.   To the extent he seeks damages for an allegedly unlawful conviction, he faces no statute of limitations issue but is barred by *Heck*.   *See Heck*, 512 U.S. at 489–90 (noting that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated").   To the extent his claims are not *Heck*-barred

15

because they seek damages for violations of his privacy interests that do not necessarily imply his conviction's invalidity, they are time-barred under any application of the statute of limitations. Accordingly, Plaintiff's Complaint is appropriately dismissed pursuant to § 1915A.[3]

### *IV.    Conclusion*

For the reasons discussed herein, the Court **OVERRULES** Plaintiff's Objections, (ECF No. 6), **ADOPTS** the PF&R, (ECF No. 5), to the extent it is consistent with this Memorandum Opinion and Order, **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), **DISMISSES WITH PREJUDICE** this case, and **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          September 21, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[3] Given that dismissal is appropriate on these grounds, the Court finds it unnecessary to address the PF&R's alternative determination that Plaintiff is barred from re-litigating claims previously litigated in prior state and federal habeas proceedings or Plaintiff's objections thereto.

16